# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| Paul A. Roberts<br><br>Plaintiff,<br><br>v.<br><br>Dexter L. Howell, and US Foods, Inc.<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Paul A. Roberts, by and through his undersigned counsel, files this Complaint for Damages, showing this Honorable Court upon information and belief, the following:

## Jurisdiction and Venue

1. This is an action for personal injuries arising out of a motor vehicle collision with a tractor trailer that occurred at approximately 4:00 a.m. on April 30, 2019 on Interstate Highway 85 in West Pelzer, Anderson County, South Carolina;

2. Plaintiff Paul A. Roberts ("Plaintiff") is a resident of Lexington County, South Carolina, and was so at the time of the wreck that is the subject of this action;

3. Defendant Dexter L. Howell, ("Defendant Howell") is a resident of Charlotte, Mecklenburg County, North Carolina, and was the driver of the tractor-trailer that was involved in the wreck that gives rise to this litigation. Once served, Defendant Howell is subject to the jurisdiction and venue of this Court;

4. At all times relevant to this Complaint, Defendant Howell was a professional driver of a commercial motor vehicle in interstate commerce, had a commercial driver's license, and was subject to traffic laws of this state and to the Federal Motor Carrier Safety Regulations;

5.     Defendant Howell was, at all times pertinent to this Complaint, an employee, agent, and/or servant of the Defendant US Foods, Inc. and was, at the time of this wreck and at all other times pertinent to this Complaint, acting within the course and scope of said employment, agency, or service under the doctrine of *respondeat superior*;

6.     Defendant US Foods, Inc., ("US Foods") is a foreign corporation organized and existing pursuant to the laws of Delaware with corporate headquarters located in Rosemont, Cook County, Illinois, maintaining a registered agent in the State of South Carolina. Once served, US Foods is subject to the jurisdiction and venue of this Court;

7.     At all times material to the motor vehicle collision, which forms the basis of this action, Defendant US Foods was a duly-authorized motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, US Foods was subject to the Federal Motor Carrier Safety Regulations;

8.     At all times material to the motor vehicle collision which forms the basis of this action, US Foods, US DOT number 0358597, was an interstate motor carrier authorized to operate in the State of South Carolina for profit pursuant to one or more permits to operate by the Interstate Commerce Commission, or by the United States Department of Transportation, or both;

9.     Pursuant to 28 U.S.C. Section 1332, this court has jurisdiction based on complete diversity of citizenship of the parties and upon the amount in controversy exceeding $75,000;

10.    Pursuant to 28 U.S.C. Section 1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Anderson Division of the United States District Court, District of South Carolina, as a substantial part of the events giving rise to this lawsuit occurred in Anderson County;

11.    Defendants have been properly named

**Facts**

12. Plaintiff incorporates and reiterates all above paragraphs as if set forth fully verbatim herein.

13. On April 30, 3017, at approximately 4:00 A.M., Plaintiff, while in the course and scope of his employment with Southern Commercial Development, drove a 2016 Freightliner M2 flatbed truck commonly referred to as a "crash truck" northbound on I-85 in the left lane;

14. The crash truck had mounted LED lights to alert drivers approaching that the left lane was closed;

15. The crash truck that the Plaintiff was driving was designed to warn oncoming traffic that the lane was closed and to block the road for the construction crew;

16. When this wreck occurred, the construction crew was picking up the cones, and Plaintiff was following behind the crew in the crash truck as they moved forward;

17. At the time of the wreck, Plaintiff was travelling at a very slow rate of speed to where he was almost stopped as he waited for the construction crew to finish picking up the cones;

18. On the same date and time referenced above, Dexter Howell, while driving a tractor-trailer owned by Defendant US Foods too fast for conditions, for reasons yet to be fully identified, failed to move from the left lane to the middle lane in time and collided into the right rear of the crash truck Plaintiff was driving;

**For a First Cause of Action**
**(Defendant Howell's Negligence)**

19. Plaintiff incorporates and reiterates all above paragraphs as if set forth fully verbatim herein;

20. When operating a vehicle on public roadways, Defendant Howell owed people on the roadway a duty to exercise ordinary care for their safety;

21. Defendant Howell negligently, carelessly and recklessly breached the duties owed to Plaintiff and violated the laws intended to protect against and prevent crashes with fellow motorists like him;

22. Defendant Howell failed to travel at a safe speed for the traffic conditions in violation of S.C. Code Ann. § 56-5-1520 and constituting negligence *per se*;

23. Defendant Howell failed to keep a proper distance behind Plaintiff in violation of S.C. Code Ann. § 56-5-1930, constituting negligence *per se*;

24. Defendant Howell failed to stop for traffic in front of him in violation of S.C. Code Ann. § 56-5-590, constituting negligence *per se*;

25. Defendant Howell drove in such a manner as to indicate a willful, wanton, reckless, grossly negligent, and careless disregard for the safety of others in violation of S.C. Code Ann. Section 56-5-2920, constituting negligence *per se*;

26. In Defendant Howell failing to exercise due care in violation of S.C. Code Ann. § 56-5-3230, constituting negligence *per se.*

27. Defendant Howell drove a commercial motor vehicle in violation of Federal Motor Carrier Safety Regulations, which violations constitute negligence *per se*;

28. Defendant Howell violated the duty of care he owed Plaintiff and was careless, negligent, grossly negligent, reckless, willful, wanton, and/or acting in violation of the laws of this State at the time and place mentioned above, in the following particulars:

    a. In operating the truck in a negligent and unsafe manner;

    b. In choosing to drive his tractor trailer in the wrong (closed) lane of travel;

    c. In choosing to travel at a high rate of speed despite traffic around him;

    d. In following too closely;

    e. In failing to keep a safe distance;

f.     In failing to slow for traffic ahead of him;

g.     In choosing to travel at a high rate of speed despite approaching a construction zone ahead;

h.     In driving too fast for conditions;

i.     In failing to maintain a proper and diligent lookout;

j.     In failing to perceive and to react to the traffic around him safely and appropriately;

k.     In failing to be attentive;

l.     In failing to maintain control of his vehicle;

m.     In failing to travel at a reduced speed in accordance with the construction ahead and the slowed traffic around him;

n.     In failing to perceive and react to the traffic around him appropriately;

o.     In failing to apply his brakes in a timely manner;

p.     In failing to steer his vehicle in a way to avoid hitting Plaintiff's vehicle;

q.     In failing to take evasive action to avoid colliding with Plaintiff's vehicle;

r.     In failing to maintain safe and proper control of his vehicle;

s.     In failing to sound his horn to warn of his looming approach;

t.     In driving while tired, distracted or otherwise not fully alert to the hazards around him;

u.     In allowing himself to become distracted;

v.     In choosing to pay attention to his phone or other in-cabin distractions versus the road ahead of him;

w.     In failing to use that degree of care and caution that a reasonable person would under the same or similar circumstances;

x.     In driving said vehicle in utter disregard of the rights and safety of Plaintiff and others lawfully using the public highways; and

y.     Otherwise failing to act reasonably and prudently as a professional commercial driver under the circumstances;

z.     In any such other particulars as the discovery process or the evidence at trial may

All of the above were the direct and proximate cause of the injuries and damages suffered by Plaintiff, said acts being in violation of the Statutes and Common Laws of the State of South Carolina.

29. Defendant Howell violated the above-mentioned duties and responsibilities and was, therefore, negligent, negligent *per se,* careless, reckless, willful and wanton;

30. As a direct and proximate result of the negligence of Defendant Howell, Plaintiff suffered personal injuries.

### For a Second Cause of Action
### (Negligence of US Foods)

31. Plaintiff incorporates and reiterates all above paragraphs as if set forth fully verbatim herein;

32. At all times material hereto, Defendant Howell was an employee or agent of Defendant US Foods, acting within the scope and course of his employment or agency;

33. Defendant US Foods exercised control over Defendant Howell and had the right to control the time, manner, and method of his work as a commercial driver;

34. Defendant US Foods is liable for the negligent actions and omissions of Defendant Howell pursuant to the doctrine of *respondeat superior* and the law of agency;

35. As an employer, Defendant US Foods was also independently negligent in hiring, training, entrusting, supervising, and retaining Defendant Howell in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent trucking company under the same or similar circumstances;

36. As a motor carrier, Defendant US Foods had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify and train Defendant Howell, to entrust a tractor-trailer only to those capable and

6

qualified of handling a dangerous instrumentality, and the duty to, otherwise, establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles;

37.     Defendant US Foods was also independently negligent in failing to meet its duties and responsibilities under the Federal Motor Carrier Safety Regulations and industry standards;

38.     Defendant US Foods violated its duty of care to Plaintiff and others on the public roadways, and was careless, negligent, grossly negligent, reckless, and/or willful acts and/or omissions in the following ways:

- a. In hiring a driver without the skill, knowledge, training, and/or experience to properly and safely operate the commercial motor vehicle;

- b. In failing to properly train Defendant Howell to operate the commercial vehicle that was involved in this wreck;

- c. In failing to properly supervise Defendant Howell as to ensure that he could and would safely operate the commercial vehicle on the roadways;

- d. In failing to ensure that Defendant Howell was qualified to drive a commercial motor vehicle;

- e. In failing to properly and adequately train, supervise, and monitor Defendant Howell to ensure that he could and would safely operate the tractor trailer on the public roadways, including those in Anderson County, South Carolina;

- f. In allowing a driver that was untrained, unskilled, incapable and/or unqualified to drive a commercial motor vehicle and/or to transport its goods;

- g. In entrusting its tractor-trailer to Defendant Howell when, as a motor carrier, US Foods knew or reasonably should have known that he was incompetent, unskilled, untrained, or, otherwise, unable to drive a commercial motor vehicle in a reasonably safe manner;

- h. In allowing a driver that was incapable of and/or unwilling to comply with the Federal Motor Carrier Safety Regulations and State laws to drive a commercial motor vehicle and to transport its goods;

- i. In failing to have in place adequate policies and procedures to mandate compliance by its drivers with State and Federal statutes, laws, and regulations regarding the operations of commercial vehicles or, if such policies and procedures were in place, in failing to enforce them;

j.  In failing to have in place adequate policies and procedures to train, monitor, and supervise its drivers or, if such policies and procedures were in place, in failing to adequately enforce them;

k.  In failing to implement and enforce safety management controls to monitor and supervise drivers and ensure not only timely but safe deliveries;

l.  In failing to have in place an adequate safety program for the safety and protection of the public lawfully on the roadways;

m.  In failing to have in place an adequate safety program for the safety and protection of the motoring public or, if it did, in failing to take necessary steps to enforce and monitor compliance with it;

n.  In failing to have in place any rule, guideline, procedure or safeguard prohibiting the use of handheld mobile devices while operating a commercial motor vehicle;

o.  In failing to appropriately monitor and manage Defendant Howell's hours of service;

p.  In failing to have in place safety management systems to detect driver violations of the hours of service;

q.  In failing to appropriately monitor and manage Defendant Shelton's driving practices;

r.  In failing to have in place safety management systems to monitor and manage a driver's driving practices;

s.  In having a negligent mode of operation that created a danger to all motorists around its commercial vehicle drivers;

t.  In failing to exercise the degree of care and caution that a reasonable and prudent entity would have exercised under the same or similar circumstances; and

u.  In such other particulars that may be discovered and/or shown in the discovery process and/or trial of this case.

All of the above were the direct and proximate cause of the injuries and damages suffered by Plaintiff, said acts being in violation of the Statutory and Common Laws and Regulations of the State of South Carolina;

39. Defendant US Foods violated the above-mentioned duties and responsibilities and was, therefore, independently negligent, negligent *per se,* careless, reckless, willful and wanton;

8

40. As a direct and proximate result of the negligence, gross negligence, and recklessness of Defendant US Foods, Plaintiff sustained injuries.

## Prayer for Relief

41. Plaintiff incorporates and reiterates all above paragraphs as if set forth fully verbatim herein;

42. This wreck was solely caused by the Defendants' actions and omissions, individually and in combination with each other;

43. As a direct and proximate result of the negligence, gross negligence, negligence *per se,* recklessness and willful wanton actions and inactions of Defendants, Plaintiff sustained serious personal injuries;

44. For these reasons, Defendants are liable, jointly and severally, to Plaintiff for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff in an amount deemed appropriate by the jury;

45. As a result of the careless, negligent, grossly negligent, reckless, willful, wanton and/or illegal acts and/or omissions of Defendants, Plaintiff suffered great physical harm and injuries to his neck, back, left arm, and left leg and other body parts, which have caused and, in the future will cause, him to undergo physical pain, suffering, mental anguish, emotional distress, and permanent impairment of health and bodily efficiency. Additionally, those injuries have caused, and will in the future cause, him to have to spend money for medical services and to lose money in the form of wages;

46. For the reasons cited above and more still yet to be discovered, the conduct of Defendants constituted a conscious disregard for the life and safety of Plaintiff and for the lives

and safety of the motoring public in general, and, therefore, both Defendants are liable to the Plaintiff for exemplary, or punitive damages;

**WHEREFORE,** Plaintiff prays that the following relief be granted

a. A trial by jury;

b. For Summons and Complaint to issued against the Defendants;

c. For a judgment against Defendants to compensate Plaintiff for his pain and suffering, past, present, and future;

d. For all such other economic and non-economic losses to the full extent allowed under South Carolina law;

e. That Plaintiff obtains judgment against the Defendants, including punitive damages, in an amount determined to be fair and reasonable in the minds of a fair and impartial jury;

f. Court costs, discretionary costs, and prejudgment interest; and

g. For all such further and general relief which this Court deems just and proper, whether in law or in equity.

**MCWHIRTER, BELLINGER & ASSOCIATES, P.A.**

*s/Kerri B. Rupert*
Kerri B. Rupert
Federal ID Number 12107
119 E. Main Street
Lexington, South Carolina 29072
Telephone:   803-359-5523
Facsimile:    803-996-9080
E-mail:        kerri@mcwhirterlaw.com

November 30, 2021
Lexington, South Carolina